**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MORGAN CARDONE,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTO INSURANCE CO.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 25-1238<br>Judge Nora Barry Fischer |

**MEMORANDUM OPINION**

I. INTRODUCTION

Plaintiff Morgan Cardone ("Plaintiff") initiated this case in the Court of Common Pleas of Allegheny County asserting breach of contract and bad faith insurance practices claims against Defendant State Farm Mutual Auto and Insurance Co. ("Defendant") after she was injured in a car accident with an underinsured driver on March 14, 2025. (Docket No. 1-2). The case was later removed here based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441(a). (*See* Docket No. 1). Presently before the Court are cross-motions for summary judgment filed by the parties which have been fully briefed in accordance with Rule 56. (*See* Docket Nos. 31-45; 47). After careful consideration of the parties' positions and for the following reasons, Defendant's Motion will be granted, in part, as Plaintiff has conceded that the Court may enter summary judgment in favor of Defendant on the bad faith count, and the parties' competing motions for summary judgment as to the breach of contract claim will be denied, without prejudice, as the

Court will decline to exercise supplemental jurisdiction over this case and remand it to the Court of Common Pleas of Allegheny County.

II. DISCUSSION

By way of background, at the time of the removal, it was clear that diversity jurisdiction was properly invoked as the parties are citizens of different states (i.e., Pennsylvania and Illinois) and the $75,000 jurisdictional amount was satisfied. (Docket No. 1 at ¶¶ 5-16). To that end, Plaintiff brought a claim for breach of contract and alleged that she was entitled to $50,000 in underinsured motorists ("UIM") benefits by stacking the $25,000 limits of her two separate auto insurance policies. (*Id.*). She also asserted a claim for bad faith insurance practices and sought compensatory and punitive damages as well as attorneys' fees under the bad faith statute which Courts have found are independently sufficient to meet the jurisdictional threshold of $75,000. (*Id.*). The parties completed fact discovery, the matter did not resolve at ADR, and they have now filed cross-motions for summary judgment. (Docket Nos. 15; 26-27; 31-45, 47).

In response to Defendant's motion for summary judgment, Plaintiff states that she does not oppose the entry of summary judgment against her on the bad faith claim, leaving only her breach of contract claim seeking to recover $50,000 in UIM benefits from Defendant. (*See* Docket No. 39 at 3). As to the breach of contract claim, the parties argue whether stacking waivers executed by Plaintiff in 2022 apply to the subsequent policies which were in force on the date of the accident (March 14, 2025). (*See* Docket Nos. 34; 37; 39; 42-44). Defendant maintains that they are renewal policies which are subject to the 2022 stacking waivers while Plaintiff counters that they constitute new policies which require new stacking waivers to be valid. (*Id.*). Plaintiff notes in her supplemental brief that the U.S. Court of Appeals for the Third Circuit submitted a petition for

certification of questions of state law to the Pennsylvania Supreme Court in *McGuire v. Nationwide Affinity Ins. Co. of America*, App. No. 25-1789 (3d Cir. Aug. 6, 2026), i.e.:

> 1. Is the [Pennsylvania Insurance Department's] approval of an insurer's personal automobile insurance policy forms for use in renewing existing policies entitled to deference?
>
> 2. If the answer to Question 1 is no, is a personal automobile insurance policy that reduces an insured's scope of coverage properly considered a renewal.

(Docket No. 45-1 at 14). The parties argue in their supplemental briefs whether the *McGuire* decision is distinguishable and if it should be followed by this Court or not. (Docket Nos. 45; 47). In any event, on October 23, 2026, the Pennsylvania Supreme Court issued an order granting the Petition for Certification, established a briefing schedule for the parties to submit their respective positions, and the matter remains pending before the Pennsylvania Supreme Court at this time. *See McGuire v. Nationwide*, 25 WAP 2026 (Pa. Oct. 26, 2026).

Returning to the instant case, the Court will grant Defendant's motion for summary judgment as to the bad faith claim as the motion is unopposed and Plaintiff has not presented sufficient evidence from which a reasonable jury could conclude that Defendant engaged in bad faith insurance practices. Hence, the only count remaining in Plaintiff's Complaint is a state law breach of contract claim seeking $50,000 in UIM benefits. (Docket No. 1-2). Since the jurisdictional amount of $75,000 is not satisfied, the Court does not have original jurisdiction over such claim and the Court must consider whether to exercise supplemental jurisdiction over it before addressing the parties' disputes as to the contested summary judgment motion. *See e.g., Spyridakis v. Riesling Grp., Inc.*, 398 F. App'x 793, 800 (3d Cir. 2010) ("Having determined that the District Court properly dismissed Spyridakis's claims under the WPCL, for wrongful

discharge, and breach of the duty of good faith, and finding no abuse of discretion in the decision to remand the remaining breach of contract claim, we will affirm the judgment of the District Court."); *see also Simmons v. State Farm Fire & Cas. Co.*, Civ. A. No. 2:19-CV-01617-CCW, 2021 WL 2291814, at *2 (W.D. Pa. June 4, 2021) ("The Court has discretion to remand the case under § 1367(c)(2) and (c)(3) because the Court has dismissed the claims that satisfied the federal subject matter jurisdictional amount in controversy under 28 U.S.C. § 1332. The only remaining claim is a state-law breach of contract claim that does not satisfy the amount in controversy requirement original federal diversity jurisdiction under § 1332.").

Section 1367(c)(3) "permits a district court to decline the exercise of supplemental jurisdiction if 'the district court has dismissed all claims over which it has original jurisdiction.'" *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009) (quoting 28 U.S.C. § 1367(c)(3)). The United States Court of Appeals for the Third Circuit has held that district courts "'*must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" *Barraclough v. Animal Friends, Inc.*, No. 23-3157, 2024 WL 4867068, at *3 (3d Cir. Nov. 22, 2024) (quoting *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (emphasis added by *Barraclough* court) (other citation omitted)). "[I]n a case that has been removed from a state court, a remand to that court is a viable alternative to a dismissal without prejudice." *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995).

Having considered the relevant factors, it is this Court's opinion that declining supplemental jurisdiction is appropriate because this case was initiated in the Court of Common Pleas of Allegheny County; the UIM claim does not satisfy the jurisdictional amount and the claim

could not have been independently filed in this Court because the total amount of stacked benefits is limited to $50,000; and, the parties' disputes concern novel state law issues that may be addressed by the Supreme Court of Pennsylvania in *McGuire v. Nationwide*,. *See id.* If this Court retained jurisdiction, it would likely stay the matter pending the disposition of *McGuire* and given that a briefing schedule was only recently entered by the Supreme Court, it is clear that a decision will not be rendered for several months. All told, it appears to the Court that the considerations of judicial economy, convenience and fairness to the litigants do not otherwise provide the Court with a reason to retain jurisdiction. *Id.* Simply put, the remaining claim is a purely state law matter that is best addressed by a state court in due course. Accordingly, the Court will decline to exercise supplemental jurisdiction over the breach of contract claim and remand it to the Court of Common Pleas of Allegheny County for further proceedings.

## III. CONCLUSION

For all of these reasons, Defendant's Motion [35] is granted, in part and summary judgment will be entered in its favor on the bad faith claim. As to the breach of contract claim, Defendant's Motion [35] and Plaintiff's Motion [31] are denied, without prejudice, to them presenting their arguments to the Court of Common Pleas of Allegheny County. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Dated: October 27, 2026

cc/ecf: Counsel of record

cc: Prothonotary, Court of Common Pleas of Allegheny County